OPINION.
Davis, J.,
delivered the opinion of the court:
The Flint and Pere Marquette Railway Company, on the 11th September, 1875, entered into a contract with the Postmaster-General for transmitting the mails for a term of four *431 years, with conditions similar in all respects to those in the contract with the Lake Superior and Mississippi Eailroad Company, referred to in the opinion just read, in the case of the Saint Paul and Duluth Eailroad Company (ante, 405).
After the passage of the Acts of July 12, 1876, ch. 179, § 13 (Suppl. Bev. Stat., 226, and 19 Stat. L., 79), and June 17,1878, ch. 259, par. 4 (Suppl. Eev. Stat.,'359, and 20 Stat. L., 140), reduction were made in the pay for the service, in conformity with the provisions of those statutes respectively. The whole amount of such reduction was $14,394.17.
On the 21st day of August, 1879, after the whole service had been rendered, the Flint and Peré Marquette Eailway Company was in default on its mortgage bonds, and a suit had been commenced for the foreclosure of the mortgage, and a receiver had been appointed in that suit. On that date the compa'ny executed a supplemental deed to the trustees under the original mortgage, by which was conveyed, among other things—
all claims against the State or against the United States, and all claims against any department of either tlie State of Michigan or of the United States.
The decree of foreclosure directed the sale of the property covered by the original mortgage and the property covered by the supplemental mortgage. The purchase at the sale was made by trustees on behalf of the bondholders, by whom a new company was organized under the law. of the State of Michigan, which was called the Flint and Pere Marquette Eailroad Company, instead of the Flint and Pore Marquette Eailway Company. This company was recognized by the court, and the deed was by order of the court made directly to the new company, instead of to the trustees who had purchased on their behalf. The claimant is that company, and claims as assignee of the old company under that deed.
These facts do not appear to differ in any essential respect from those in the first branch of the case of the Saint Paul and Duluth Eailroad Company, just passed upon (ante, 405). The three judges who heard this case are divided here as they were there, and the same reasons which led them then to enter judgment for the defendant on the first branch of that case induces them here to order the entry of—
Judgment. — That the claimants’ petition be dismissed.
Drake, Ch. J., was absent when this cause was heard, and takes no part in the decision.